IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JAMES HAMPTON, #B77098,           )
                                   )
              Plaintiff,            )
       vs.                          )        Case No. 3:20-cv-01300-DWD
                                   )
DR. RITZ,                          )
WEXFORD HEALTH SOURCES,            )
F. AHMED,                          )
V. SHAH,                           )
MS. CUNNINGHAM,                    )
MS. WARD,                          )
KEVIN KINKS,                       )
MS. BROOKHART,                     )
MR. BUCHANAN,                      )
JOHN DOE 1,                        )
JOHN R. BALDWIN, and               )
WARDEN OF LAWRENCE                 )
CORRECTIONAL CENTER,               )
                                   )
              Defendants.           )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff James Hampton, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Lawrence Correctional Center ("Lawrence"). This case is now before the Court for preliminary review of the Complaint (Doc. 1) under 28 U.S.C. § 1915A. Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1):  Plaintiff had an abdominal hernia repair in August 2011.  Subsequently, in August 2018, Plaintiff advised Dr. Ahmed that a painful lump was protruding from his abdomen.  Plaintiff saw Ahmed in September, October, and November 2018 complaining of ongoing "excruciating" abdominal pain, but Ahmed disregarded Plaintiff's request for surgical repair and prescribed a bandage and hernia belt.  In November 2018, Dr. Shah further delayed the surgical repair when he made a referral for an ultrasound examination instead of surgery, which was approved by Dr. Ritz.  On one occasion, PA Johnson refused Plaintiff medical treatment for the abdominal hernia unless he signed a co-payment money voucher.

Plaintiff filed a grievance in October 2018 complaining about the denial of his request for surgical repair of the abdominal hernia.  He then filed an emergency grievance on November 17, 2018, which was expedited by Warden Kevin Kinks.  Ultimately, however, Kinks disregarded Plaintiff's request for surgical repair when he concurred with Healthcare Unit Administrator Cunningham.

Plaintiff filed a grievance on December 9, 2018 requesting the surgical repair.  On the same date, his medication was withheld in retaliation for the grievances and to deter him from submitting additional grievances complaining of not receiving the needed surgical repair.  Plaintiff filed additional grievances on December 21, 22, and 30, 2018 regarding the denial and/or delay of his request for surgical repair.

An ultrasound was performed in January 2019 by Dr. Abell and his findings

included a right paraumbilical hernia but he made no mention of multiple abdominal hernias.  In late January 2019, Shah notified Ritz in collegial review of the paraumbilical hernia and requested evaluation by a general surgeon, which was approved by Ritz.

Plaintiff saw the off-site specialist on February 24, 2019 who confirmed the umbilical hernia and recommended surgical repair.  Plaintiff was scheduled for a follow-up surgical evaluation.  Cunningham and Warden Brookhart approved the medical furlough.  However, the medical furlough memo did not contain any special instructions regarding Plaintiff's medical condition and it did not instruct that there should be no cuffing of his hands due to the abdominal hernia, in disregard of Plaintiff's condition.

On February 27, 2019, John Doe (Orange Crush tactical team officer) handcuffed Plaintiff behind his back despite Plaintiff showing John Doe the hernia protruding from his abdomen.  Plaintiff, who is obese, was taken to the chow hall and left handcuffed behind his back for almost three hours.  Despite being advised of Plaintiff's hernia and his repeated requests to be uncuffed, Lt. Buchanan and Nurse Ward refused to uncuff Plaintiff.  Instead of calling to verify Plaintiff's medical condition with the health care unit, Ward only asked if Plaintiff had a front handcuff permit.  She disregarded the fact that Plaintiff had a medical furlough in a few hours to see a general surgeon for surgical repair of an abdominal hernia.  While handcuffed behind his back, Plaintiff felt a popping sensation, heard a ripping sound, and immediately became dizzy.  He informed Buchanan and Ward of his condition.  In response, Buchanan told him to shut up and keep his eyes on the ground, called Plaintiff a liar, and then walked away.  Later the same day, the off-site specialist diagnosed Plaintiff with five hernias – four additional hernias

had been caused by the long duration that Plaintiff was handcuffed behind his back.

Shah asked Plaintiff why he filed so many grievances.  Plaintiff told him because he was in pain and Shah stated that "he bet it does."  Ahmed told Plaintiff he would not prescribe surgical treatment because Plaintiff thinks he is not in prison and to stop complaining.  Cunningham lied to Kinks when she stated Plaintiff was receiving medical treatment in retaliation for Plaintiff filing grievance, which resulted in the matter of surgical repair not being addressed.

Kinks and Brookhart concurred in the denial of Plaintiff's grievances and IDOC Director John Baldwin concurred in the denials of the appeals of his grievances.

## Discussion

Based on the allegations in the Complaint, the Court designates the following claims in this *pro se* action:

Count 1:     Eighth Amendment deliberate indifference to serious medical needs claim against Wexford Health Services, Ritz, Ahmed, Shah, Cunningham, Kinks, Brookhart, and Baldwin for denying and/or delaying surgical repair of Plaintiff's abdominal hernia.

Count 2:     Eighth Amendment deliberate indifference to serious medical needs claim against John Doe for handcuffing Plaintiff behind the back despite knowledge of Plaintiff's abdominal hernia.

Count 3:     Eighth Amendment deliberate indifference to serious medical needs claim against Buchanan and Ward for allowing Plaintiff to be handcuffed behind his back for several hours despite knowledge of Plaintiff's abdominal hernia and Plaintiff advising them he was in pain.

Count 4:     Eighth Amendment deliberate indifference to serious medical needs claim against Cunningham and Brookhart for not ensuring the medical furlough memo contained information

4

about Plaintiff's medical condition and instructions not to handcuff Plaintiff.

Count 5:    First Amendment retaliation claim against Shah, Ahmed, and Cunningham for denying Plaintiff medical treatment and withholding medication in retaliation for Plaintiff filing grievances.

Count 6:    First Amendment denial of right to petition for redress claim against Kinks, Brookhart, Baldwin, Ahmed, and Shah for denying Plaintiff's grievances seeking surgical repair of his abdominal hernia.

Any claim that is mentioned in the Complaint but not addressed in this Order is dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

### Preliminary Dismissals

Because Plaintiff is currently incarcerated at Pinckneyville Correctional Center (Doc. 12), his request for injunctive relief related to the events at Lawrence, is moot and will be dismissed.  *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

Defendants have been named in both their individual and official capacities. Because Plaintiff seeks monetary damages, and his request for injunctive relief is being dismissed, the claims will proceed against Defendants only in their individual capacities and the official capacity claims will be dismissed.  *See Brown v. Budz*, 904 F.3d 904, 918

(7th Cir. 2005) (claim for monetary damages must be brought against defendant in his individual capacity only); *Power v. Summers*, 226 F.3d 815, 818 (7th Cir. 2000) (official capacity claim against an individual is really a lawsuit for money damages against the State, which is barred by the Eleventh Amendment and the doctrine of sovereign immunity).

### Counts 1-4

Prison officials and medical staff violate the Eighth Amendment's prohibition on cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical (or dental) needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state a claim, a prisoner must allege facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.*

"[T]the existence of chronic and substantial pain" is an objectively serious medical condition in and of itself. *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolongs a prisoner's pain. *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012). Additionally, a physician's choice of the "easier and less efficacious treatment" for an objectively serious medical condition can constitute deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

The allegations in the Complaint are sufficient at this stage for the deliberate indifference claim in Count 1 to proceed against Ahmed, Shah, Ritz, and Wexford. However, the claim in Count 1 fails against Cunningham, Kinks, Brookhart, and Baldwin

because it relies on their involvement in the grievance process and not any direct involvement in medical care or treatment decisions. The alleged mishandling of a grievances by an individual who otherwise did not cause or participate in the underlying conduct states no claim. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Additionally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

The allegations in the Complaint are sufficient at this stage for the deliberate indifference claims in Count 2 to proceed against John Doe and in Count 3 to proceed against Buchanan and Ward.

The allegations pertaining to Count 4 do not suggest that Cunningham or Brookhart exhibited deliberate indifference to a serious medical need based on information and/or instructions that were not included in the medical furlough form. Plaintiff makes this claim based on the fact that he was handcuffed behind his back for several hours prior to the medical furlough. He does not, however, explain how the handcuffing incident was related to the medical furlough or why Cunningham or Brookhart should have anticipated that occurrence. As such, Count 4 fails to state a claim for relief and will be dismissed.

### Count 5

Prison officials may not retaliate against inmates for filing grievances, exercising

7

First Amendment rights, or otherwise complaining about their conditions of confinement. *See, e.g., Gomez v. Randle,* 680 F.3d 859, 866 (7th Cir. 2012). To state a retaliation claim, a plaintiff must allege that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation likely to deter such activity; and (3) the First Amendment activity was at least a motivating factor in the decision to impose the deprivation." *Hawkins v. Mitchell*, 756 F.3d 983, 996 (7th Cir. 2014). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted).

Plaintiff alleges Ahmed denied him surgical treatment and Cunningham lied in response to grievances so that he would be denied medical treatment in retaliation for him filing grievances.  At this stage, the allegations are sufficient to proceed on a retaliation claim against Ahmed and Cunningham. There are, however, no allegations that suggest Shah denied medical care or took any other action as retaliation for the filing of grievances.  As such, the claim against him will be dismissed.  Additionally, although Plaintiff alleges medication was withheld from him on December 9, 2018 in retaliation for the filing of grievances, he does not identify the individual who withheld the medication and that claim will not proceed.

### Count 6

Plaintiff alleges Kinks, Brookhart, Ahmed, Shah, and Baldwin denied him the right to petition the government for redress.  The right to petition the government for redress of grievances, however, does not guarantee a favorable response, or indeed

any response, from state officials.  *Smith v. Arkansas State Highway Emp., Local 1315,* 441 U.S. 463, 465 (1979).   Because he is currently exercising his right to petition the government for redress of grievances through this lawsuit, he has not been harmed.  *See Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir.1996) ("[Plaintiff's] invocation of the judicial process indicates that the prison has not infringed his First Amendment right to petition the government for a redress of grievances.").

Further, "[p]rison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [a prisoner's] grievances by person who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Additionally, "[r]uling against a prisoner on an administrative complaint does not cause or contribute to the violation."  *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

For these reasons, Count 6 will be dismissed for failure to state a claim for relief.

### Identification of Doe Defendant

The Warden of Lawrence Correctional Center, in an official capacity, will be added to the docket for purposes of responding to discovery aimed at identifying the Doe Defendant.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 832 (7th Cir. 2009); Fed. R. Civ. P. 21.  Guidelines for discovery will be set by the undersigned judge.  Once the name of the Doe Defendant is discovered, Plaintiff shall file a motion to substitute the

newly identified defendant in place of the generic designations in the case caption and throughout the Complaint.

<u>**Disposition**</u>

The Complaint survives review under 28 U.S.C. § 1915A in part and is dismissed in part as follows:

The injunctive relief claim and official capacity claims are **DISMISSED without prejudice**.

Count 1 will proceed against Ahmed, Shah, Ritz, and Wexford Health Sources but is **DISMISSED without prejudice** as to Cunningham, Kinks, Brookhart, and Baldwin. Count 2 will proceed against John Doe. Count 3 will proceed against Buchanan and Ward. Count 5 will proceed against Ahmed and Cunningham but is **DISMISSED without prejudice** as to Shah. Counts 4 and 6 are **DISMISSED without prejudice**. Defendants Kinks, Brookhart, and Baldwin are **DISMISSED without prejudice**.

The Clerk of Court is **DIRECTED** to **TERMINATE** Kinks, Brookhart, and Baldwin as parties to this action and to **ADD** the Warden of Lawrence Correctional Center (official capacity only) to the docket.

The Clerk of Court shall prepare for Wexford Health Sources, Ritz, Ahmed, Shah, Cunningham, Ward, Buchanan, and Warden of Lawrence Correctional Center (official capacity only) : (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign

and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Service shall not be made on the Doe Defendant until such time as Plaintiff has identified that individual by name in a properly filed motion for substitution. Plaintiff is **ADVISED** that it is his responsibility to provide the Court with the name and service address for this individual.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order. Because the Warden of Lawrence Correctional Center is in the case solely for discovery purposes, the Warden need not respond to the Complaint. The Warden only needs to enter an appearance and will receive further instruction on discovery at a later date.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment

includes the payment of costs under 28 U.S.C. §1915. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

IT IS SO ORDERED.

DATED:  November 12, 2021

_____
David W. Dugan
United States District Judge

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants'

counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, they will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.